**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 09:55 AM October 18, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DANIEL P. KARIPIDES, | ) | CASE NO. 17-61935 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

This case is before the court on the chapter 13 trustee's ("Trustee") request for Debtor and Debtor's counsel to appear and show cause. The court held a hearing on September 26, 2018. Trustee, Matthew Petit, counsel for Debtor, and Debtor appeared at the hearing.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtor filed a chapter 13 case on August 30, 2017. The court confirmed his amended plan on April 12, 2018. On June 1, 2018, Trustee filed a motion to dismiss Debtor's case for his failure to provide 2017 tax returns. The motion was withdrawn after Debtor personally supplied the returns to Trustee. However, in reaching that end, Debtor forwarded Trustee a copy of an email he sent to his attorney with concerns about his case and counsel's lack of response. The undated email indicates that Debtor had not been able to reach counsel since April 27, 2018.[1] He sought clarification whether all creditors, including the IRS, were included in the plan. After receiving Debtor's email, Trustee's office also reached out to Debtor's counsel.

As a result of those communications, and lack of response, Trustee requested a show cause order against Debtor's counsel and Debtor. The court granted Trustee's motion. The court held the show cause hearing on September 26, 2018. Debtor was present. Counsel represented that Debtor's concerns were satisfactorily addressed and noted the recent plan modification filed with the court.[2] Debtor also added creditors on September 25, 2018. The modification includes an IRS claim for 2016 taxes and the modification was served on the IRS. To date, no claim has been filed on behalf of the IRS. Counsel offered nothing further regarding the concerns subject of the show cause order.

## DISCUSSION

Trustee requests review of Mr. Petit's compensation to determine if a downward adjustment is appropriate. 11 U.S.C. § 329(b) permits disgorgement of fees when the "compensation exceeds the reasonable value of any such services . . . to the extent excessive." Determination of reasonableness starts with the lodestar calculation, which factors the 'attorney's reasonable hourly rate by the number of hours reasonably expended.' In re Boddy, 950 F.2d 334, 337 (citations omitted). Once the lodestar is calculated, the court can consider adjustments based on numerous other factors, including

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

1 Trustee purports that Debtor sent the email to counsel on June 1, 2018 and the email was received by Trustee on June 4, 2018.

2 A notice of filing deficiency was issued related to the modification and is outstanding as of the date of this opinion. A show cause order issued October 5, 2018.

2

Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Trustee cites no legal standards, does not provide any information about Mr. Petit's hourly rate or the time expended, and does not apply any facts to the law. Mr. Petit charged a no-look fee of $2,700.00 for his representation in this case. He received a $500.00 retainer with the $2,200.00 balance to be paid through the plan.[3] The record does not show how much he has received to date. The case is proceeding and it is not clear that Mr. Petit's delay has resulted in a detrimental impact to Debtor.[4] The record indicates that Mr. Petit's unfamiliarity with the chapter 13 process increases the time and effort he expends for the flat fee. He creates more work for himself when he has to refile documents and cure multiple deficiency notices, resulting in more harm to himself than Debtor from a fee standpoint.

Mr. Petit's lack of responsiveness speaks more to a failure to maintain his ethical duty of diligence. Ohio Rules of Professional Conduct § 1.3 (as amended May 2, 2017). Mr. Petit is bound to these standards pursuant to Local Bankruptcy Rule 2090-2. His lack of responsiveness also frustrates specific purposes identified by the court in Administrative Order 14-1 and the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys." In the former, counsel has a duty to "respond[] to inquiries made by the debtor and the Chapter 13 Trustee in furtherance of . . . administration of the Chapter 13 Plan. Admin. Order 14-1 § 5(F). In the latter, counsel agrees to "[b]e available to respond to the debtor's questions throughout the life of the plan."

The absence of specific pecuniary harm, coupled with counsel's current attempts to address Debtor's concerns, persuades the court that a referral for an ethical violation is unwarranted. In re McDermitt, 2006 WL 1582390 (Bankr. D. Vt. 2006). However, Mr. Petit is being paid the no-look fee which contemplates counsel will be responsive to Debtor's inquiries and anticipates adequate representation of a debtor throughout the case. When counsel fails to provide services that meet these expectations, the no-look fee results in a windfall to counsel. The court is convinced that Mr. Petit's services have not reached the level contemplated by the court in Administrative Order 14-1.

The court will rely on its broad equitable powers to enforce the standards of practice encapsulated in Administrative Order 14-1. The court finds that Mr. Petit has not earned the full no-look fee and has not provided the level of service envisioned under the order. The delays, multiple deficiencies, and lack of responsiveness to Debtor support this conclusion. At the time of this opinion, Mr. Petit is facing another show cause hearing scheduled for October 31, 2018. As a result, the court hereby withholds payment of the $500.00 end of case hold-back fee to Mr. Petit. Instead of paying Mr. Petit at the end of the case, the $500.00 shall be distributed in accordance with the confirmed plan.

---

3  Per the confirmation order dated April 12, 2018, Mr. Petit's fees were allowed in spite of the fact that he failed to file the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys and should have been required to file a formal fee application.   Admin. Order 14-1 (Feb. 5, 2014).
4  The court recognizes that if the IRS claim is not paid through the plan, and it is a nondischargeable tax claim, harm to Debtor may result.   Also, a failure to include creditors can be problematic.   11 U.S.C. § 523(a)(3).

3

The problems with substandard practice are manifold. First, it creates unnecessary work for Trustee for which is not compensated. Trustee's only option is to ignore the practice and allow the Debtor to be prejudiced. Trustee's primary duty is to keep Debtor's honest, not to regulate the practice of lawyers. Second, it is inconsistent with previously allowed fees, which allow compensation assuming that services will be rendered appropriately. Third, it creates problems for Debtors. Fourth, it is never ending. Trustee must either complain about minor infractions or endure them endlessly.

An order will be entered immediately.

#     #     #

**Service List:**

Daniel P. Karipides
3814 Southway Street SW
Massillon, OH 44646-9497

Matthew Petit
116 Cleveland Avenue N Suite 808
Canton, OH 44702

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
400 Tuscarawas Street West, Suite 400
Canton, OH 44702