**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 06:08 PM January 21, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DANIEL P. KARIPIDES, | ) | CASE NO. 17-61935 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

## I. Introduction

This case stands as proof of the regrettable proposition that debtors are bound by the actions and inactions of their lawyers. American Education Services ("AES"), one of Debtor's student loan creditors, did not file proofs of claims in this case. In order to ensure that his debt to AES would be paid through his plan, Debtor filed claims on AES' behalf. See 11 U.S.C. § 501(c). But Debtor was late—over 19 months late—and the chapter 13 trustee ("Trustee") objected. Now, Debtor asks the court to allow the late-filed claims under Rule 9006 of the Federal Rules of Bankruptcy Procedure, arguing that his failure to meet the deadline was the result of excusable neglect. The court disagrees. Therefore, the court will sustain the Trustee's objections and disallow the claims.

## II. Jurisdiction

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of

Ohio. General Order 2012-7. This matter is a core proceeding and the court has authority to enter final orders. 28 U.S.C. §157(b)(2)(B); Bavelis v. Doukas (In re Bavelis), 773 F.3d 148, 156-57 (6th Cir. 2014). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### III. Factual & Procedural Background

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on August 30, 2017. At the time of filing, Debtor was represented by attorney Matthew Petit ("Petit"). In Schedule E/F of his petition, Debtor listed "AES/Chase" as an unsecured student loan creditor with claims in the aggregate amount of $129,191.38. AES had until January 16, 2018 to file proofs of claims but failed to do so.[2]

The court confirmed Debtor's amended chapter 13 plan (the "Plan") on April 12, 2018. According to Debtor, the Plan is expected to provide a 7% dividend to general unsecured creditors.

In June of 2018, Debtor forwarded Trustee a copy of an email he sent to Petit raising concerns about his case. Debtor had apparently been unable to reach Petit since April 27, 2018. Debtor sought clarification whether all creditors were included in his Plan. Based on Debtor's email and Trustee's communications with Petit, Trustee filed a motion for an order requiring Debtor and Petit to appear and show cause. In the motion, Trustee sought to reduce Petit's attorney fees based on his lack of diligence in the case.

On October 18, 2018, the court entered an opinion and order prohibiting Trustee from paying the $500.00 end-of-case fee to Petit. In re Karipides, No. 17-61935, 2018 Bankr. LEXIS 3228 (Bankr. N.D. Ohio Oct. 18, 2018). In the opinion, the court stated: "The court finds that Mr. Petit has not earned the full no-look fee and has not provided the level of service envisioned under the order. The delays, multiple deficiencies, and lack of responsiveness to Debtor support this conclusion." Id. at *5-6.

On March 4, 2019, Debtor hired James Galehouse ("Galehouse") of Sheppard Law Offices to replace Petit as counsel. When he was hired, Galehouse attempted to reach out to

---

[1] Hereinafter, any reference to any section ("§" or "section") refers to a section in Title 11 of the United States Code (the "Bankruptcy Code"), and any reference to any "Rule" refers to one of the Federal Rules of Bankruptcy Procedure.

[2] Prior to its amendment, effective December 1, 2017, Rule 3002(c) provided that non-governmental creditors had no later than 90 days after the first date set for the § 341 Meeting to file their claims. Because this case was filed on August 30, 2017, the prior version of Rule 3002(c) applies. The first date set for the § 341 Meeting in this case was October 18, 2017. Thus, AES had until January 16, 2018 to file its claims.

2

AES by phone, mail, and email to get AES to file a claim. According to Debtor, "[s]ome of these attempts included a request for proper documentation on the loans. Current counsel eventually obtained the necessary documentation and it became clear that AES would not file a claim." (Debtor's Br. 1, ECF 142.) At Debtor's request, Galehouse filed three claims for AES on September 19, 2019: claim #19 in the amount of $55,043.70, claim #20 in the amount of $50,422.04, and claim #21 in the amount of $24,001.93 (collectively the "Claims").

Trustee filed an objection to each claim (collectively the "Objections") on October 9, 2019, pursuant to § 502(b)(9). In the Objections, Trustee asks to disallow the Claims as they were filed well beyond the claims bar date. Debtor filed a response to the Objections on October 16, 2019. The court held a non-evidentiary hearing on this matter on November 20, 2019. After the hearing, the parties were ordered to file briefs in support of their respective positions. Debtor filed his brief on November 27, 2019 and Trustee filed her response brief on December 19, 2019.

## IV. Law & Analysis

Section 501(c) of the Bankruptcy Code provides: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." § 501(c). The procedure for such filing is provided in Rule 3004, which states in relevant part: "If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." Rule 3004. A proof of claim that is not timely filed is subject to disallowance under § 502(b)(9).

Debtors are typically unable to discharge student loan debt in bankruptcy. See § 523(a)(8); see also Tenn. Student Assistance Corp. v. Hornsby (In re Hornsby), 144 F.3d 433, 437 (6th Cir. 1998). If a student loan creditor fails to file a proof of claim in a debtor's chapter 13 case, it is often in the debtor's best interest to file a claim on the creditor's behalf. This is because "[m]ost student loans accrue interest, and by the end of a three- to five-year Chapter 13 plan, a student loan with accumulated interest becomes a large nondischargeable debt if not paid through the plan . . . ." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 286.1, at ¶ 11, Sec. Rev. Jan. 19, 2010, www.Ch13online.com.

In this case, AES failed to file a proof of claim by the January 16, 2018 deadline. Thus, Debtor (or Trustee) had until February 15, 2018 to file claims on AES' behalf. See Rule 3004. But Debtor did not file the Claims until September 19, 2019, over a year-and-half after the Rule 3004 deadline passed. Accordingly, the Claims are not timely.

Debtor does not dispute that the Claims are late. Instead, he asks the court to allow the Claims under Rule 9006(b), contending that his failure to timely file the Claims was the result of excusable neglect. Debtor primarily argues that Petit failed to adequately represent him by not filing claims for AES sooner, and that he should not be penalized for Petit's mistakes. In her response brief, Trustee states: "Under the very unique circumstances of this case, Trustee will add no further comment. Trustee will defer to the discretion of this Court as to the existence of excusable neglect." (Trustee's Resp. to Debtor's Br. 1, ECF 143.)

A debtor's request to enlarge the deadline to file a claim under Rule 3004 is governed by Rule 9006(b)(1). Davis v. Columbia Constr. Co. (In re Davis), 936 F.2d 771, 774 (1st Cir. 1991); In re Schuster, 428 B.R. 833, 838 (Bankr. E.D. Wisc. 2010); In re Wray, No. 12-60209, 2015 Bankr. LEXIS 3235, at *4 (Bankr. N.D. Ohio Sept. 24, 2015). Under Rule 9006(b)(1), if a request to enlarge a deadline is made after the deadline expires, the court may only enlarge the deadline if the movant shows that the failure to meet the deadline "was the result of *excusable neglect*." Rule 9006(b)(1) (emphasis added).

In Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. L.P., 507 U.S. 380 (1993), the Supreme Court addressed what constitutes "excusable neglect" under Rule 9006(b)(1). The Court held that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. These circumstances include: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. Id. The Sixth circuit has described this standard as exceedingly difficult to satisfy. Cmty. Fin. Serv. Bank v. Edwards (In re Edwards), 748 F. App'x 695, 698 (6th Cir. 2019) (collecting cases).

### A. Danger of Prejudice to the Non-Moving Party.

In his brief, Debtor argues that he will be prejudiced if he is unable to pay the Claims through the Plan. The court agrees that Debtor will be prejudiced, but this argument misses the mark: The Sixth Circuit has held that the first Pioneer factor should be described as the risk of prejudice to the "non-moving party", even though the Supreme Court opinion specifically refers to the risk of prejudice to the "debtor." Edwards, 748 F. App'x at 698. This is because the Court's focus in Pioneer "was not on the debtor per se[,] but on the debtor because it was the *non-moving party*." Id. (emphasis in original).

The non-moving party in this case, Trustee, is the representative of the bankruptcy estate. § 323(a). As such, she is generally responsible for protecting the interests of estate beneficiaries, namely, creditors. See § 1302(b); see also Corzin v. Fordu (In re Fordu), 201 F.3d 693, 705 (6th Cir. 1999) ("A bankruptcy trustee is the representative of all creditors of the bankruptcy estate.").[3] Under the Plan, general unsecured creditors will receive a 7% dividend. But, as Debtor acknowledges in his brief, this percentage will be diluted if the Claims are allowed. Consequently, the first Pioneer factor weighs against Debtor.

### B. Length of Delay and its Impact on the Proceedings.

The Claims were filed over 17 months after the Plan was confirmed and 19 months after the Rule 3004 deadline expired. And, as explained previously, if the court allows the Claims then the 7% dividend to Debtor's general unsecured creditors will be diluted. Furthermore, Debtor's delay in filing the Claims has needlessly increased the proceedings in this case. If the Claims had been filed on time, Trustee would not have filed the Objections and the court would

---

[3] This responsibility entails, among other things, objecting to late-filed proofs of claims. §§ 1302(b)(1); 704(a)(5).

not have needed to hold a hearing and issue this opinion. Thus, the second Pioneer factor also weighs against Debtor.

  C. *Reason for the Delay and Whether it was Within the Reasonable Control of the Moving Party.*

In his brief, Debtor states that he "questioned [Petit] about whether all his creditors were included in the plan[,] made several attempts to include the AES claims in his case by asking [Petit] to complete the task[,] but just failed to have the expertise to [file the claims] personally." (Debtor's Br. 3, ECF 142.) Debtor "realized along the way that there were issues regarding which creditors were being paid. He tried to address them as best he could with [Petit], but eventually found an alternate route to achieve his desires through other counsel." (Id.)

The debt to AES was scheduled in Debtor's petition, so Petit was aware of it (or should have been aware of it). And, when the January 16, 2018 deadline passed and no claims were filed by AES, Petit should have taken steps to either file claims on AES' behalf or file a motion to extend the Rule 3004 deadline to accomplish same. But Petit did neither, and Galehouse filed the Claims roughly 19 months after the Rule 3004 deadline passed. So now, Debtor is in an unfortunate situation where if the Claims are not allowed, he will be unable to pay anything to AES during the remainder of his Plan. And due to accumulated interest, his student loan debt will only continue to grow.

The court is sympathetic to Debtor's situation, but the law on this point is clear that debtors will generally be "held accountable for the acts and omissions of their chosen counsel." Pioneer, 507 U.S. at 397. Indeed, courts have consistently held that carelessness or lack of diligence by counsel does not constitute excusable neglect. Whitaker v. Whitacre (In re Whitaker), No. 04-8042, 2005 Bankr. LEXIS 965, at *5-6 (B.A.P. 6th Cir. June 3, 2005) (citing Pioneer, 507 U.S. at 396); Allied Domecq Retailing USA v. Schultz (In re Schultz), 254 B.R. 149, 153-54 (B.A.P. 6th Cir. 2000) (collecting cases); see also In re Alda, No. 10-8037, 2010 Bankr. LEXIS 4098, at *18 (B.A.P. 6th Cir. Dec. 2, 2010) (collecting cases). Therefore, reluctantly, this factor weighs against Debtor.

  D. *Whether the Moving Party Acted in Good Faith.*

There is no evidence of any bad faith by Debtor in this case, and the court does not doubt Debtor's motivations or honesty. The record in this case demonstrates that Debtor had concerns about his Plan which he raised with Petit, communicated his concerns with Trustee, and ultimately retained new counsel. Galehouse made attempts to communicate with AES regarding the student loan debt and eventually filed the Claims on AES' behalf. Thus, the final Pioneer factor weighs in favor of Debtor.

  **V.** **Conclusion**

On balance, the court finds that Debtor has failed to demonstrate excusable neglect as defined by controlling caselaw. Accordingly, the court will enter a separate order sustaining the Objections and disallowing the Claims.

# # #

**Service List**:

Daniel P. Karipides
740 Canford Ave., N.W.
Massillon, OH 44646

James R. Galehouse
Belden Village Tower Suite 200
4450 Belden Village St. NW
Canton, OH 44718

Dynele L Schinker-Kuharich
Office of the Chapter 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702

American Education Services
AES Loan Servicing
PO Box 2461
Harrisburg, PA 17105